IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JERRY RAY SCOTT                                                                          PLAINTIFF

v.                         Civil No. 05-1100

BUTCH BELIN, Sheriff;
SAM POPE, Judge;
THOMAS DEAN, Prosecuting Attorney; and
BRADLEY COUNTY, ARKANSAS                                                     DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jerry Ray Scott brings this pro se civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated when he was detained at the Bradley County Detention Center for 76 days without being taken before a judge. (Doc. 1.) Scott was granted in forma pauperis (IFP) status. (Docs. 2,3.) On January 20, 2006, Scott returned an addendum to his complaint, and the matter is before the undersigned on the question of whether service is appropriate. (Doc. 7.)

### I. Background

Scott alleges that he was arrested on November 2, 2004, on theft of property charges, however he was not taken before a judge for 76 days--until January 18, 2005. Plaintiff alleges that this is a common practice in Bradley County, noting that two other inmates--Michael L. Cooper and Bernard Hale--were similarly treated.

Scott contends that Sheriff Butch Belin should be held liable because he made the arrest and should have taken Scott to a first appearance, but did not.

Scott contends that Judge Sam Pope was aware of these facts and that when Scott did

appear before Judge Pope, Judge Pope rushed into a decision. Scott states that Judge Pope's actions were taken in his official capacity as a judge.

Scott contends that Prosecuting Attorney Thomas Dean should be held liable because Dean was aware of Scott's situation and was part of the county operations that led to this alleged constitutional violation. (Docs. 1, 7.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

While Scott fails to describe any specific actions taken by Judge Pope that resulted in his detainment for 76 days, he does state that Judge Pope was acting in his official capacity as a judge. As such, Judge Pope is absolutely immune from suit for actions he took in this capacity. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) (judges performing judicial functions enjoy absolute immunity from § 1983 liability). Therefore, Judge Sam Pope should be dismissed as a defendant in this action.

### III. Conclusion

Therefore, I recommend that Judge Sam Pope be dismissed as a defendant in this action. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

Under a separate order, this complaint will be served on the remaining defendants.

**Scott has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Scott is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of June 2006.

                                                  **/s/ Bobby E. Shepherd**
                                                  _____
                                                  HON. BOBBY E. SHEPHERD
                                                  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)