IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JERRY RAY SCOTT — PLAINTIFF

v. — Civil No. 05-1100

BUTCH BELIN, Sheriff;
THOMAS DEAN, Prosecuting Attorney; and
BRADLEY COUNTY, ARKANSAS — DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Jerry Ray Scott brings this pro se civil rights action under 42 U.S.C. § 1983, alleging that his constitutional rights were violated. Specifically, Scott claims that he was detained for 76 days before he was taken before a judge. Prior to service, the undersigned recommended the dismissal of Judge Sam Pope as a defendant in this action. (Doc. 9.) This recommendation was adopted over the objections of the plaintiff. (Docs. 11-12.)

Presently pending before the court is the motion (Doc. 17) to dismiss by defendant Thomas Deen.[1] Deen argues that the plaintiff failed to state a claim against him, he is entitled to prosecutorial immunity, and as the claims are brought against him only in his official capacity, the state is entitled to sovereign immunity. The plaintiff has not responded to this motion. The motion is before the undersigned for issuance of this report and recommendation.

### I. Background

Scott alleges that he was arrested on November 2, 2004, on theft of property charges, however he was not taken before a judge for 76 days--until January 18, 2005. Plaintiff alleges

[1] According to the defendant's motion to dismiss and memorandum brief in support, the correct spelling of defendant's name is "Deen." (Docs. 17-18.)

AO72A
(Rev. 8/82)

that this is a common practice in Bradley County, noting that two other inmates--Michael L. Cooper and Bernard Hale--were similarly treated.

Scott contends that Prosecuting Attorney Thomas Deen should be held liable because Deen was aware of Scott's situation and was part of the county operations that led to this alleged constitutional violation. (Docs. 1, 7 at ¶ 4.) Scott also states that Deen has a reputation of being hard on criminal defendants and was "suggesting a lot of time." (Doc. 7 at ¶ 7.)

## II. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

Prosecutors are protected by absolute immunity from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268-71, 113 S. Ct. 2606, 125 L. Ed. 2d 209 (1993); *Brodnicki v. City of Omaha,* 75 F.3d 1261, 1266 (8th Cir.1996). In contrast, a prosecutor is entitled only to qualified immunity when performing actions in an "investigatory" or "administrative" capacity. *See Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S. Ct. 984, 47



AO72A
(Rev. 8/82)

L. Ed. 2d 128 (1976). To decide whether an action is prosecutorial, investigatory or administrative, the court must look to "the nature of the function performed, not the identity of the actor who performed it." *See Forrester v. White,* 484 U.S. 219, 229, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1987); *Brodnicki,* 75 F.3d at 1266-67.

In *Webster v. Gibson,* 913 F.2d 510 (8th Cir.1990), Anthony Webster contended his constitutional rights were violated when he was arrested and held for a period of forty-five days before receiving a judicial determination of probable cause under *Gerstein v. Pugh,* 420 U.S. 103, 126, 95 S. Ct. 854, 869, 43 L. Ed. 2d 54 (1975). Webster sued the prosecutor, the sheriff, and a deputy sheriff. The district court dismissed the entire action. On appeal the United States Court of Appeals for the Eighth Circuit affirmed the dismissal as to the prosecuting attorney and the deputy sheriff who was the arresting officer. *Webster,* 913 F.2d at 512. The prosecuting attorney was held to be absolutely immune from a claim for damages. *Id.* at 513-14. In this case, based on Scott's allegations, it is clear the defendant prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. Omaha,* 75 F.3d 1261 (8th Cir.1996)(County prosecutors were entitled to absolute immunity from suit). Furthermore, here the plaintiff does not describe any facts which would indicate that Deen was responsible in any way for the 76 days of detention without a court hearing.

## III. Conclusion

Therefore, I recommend that separate defendant Thomas Deen's motion (Doc. 17) to dismiss be granted and that Deen be dismissed as a defendant in this action.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**



AO72A
(Rev. 8/82)

**written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of August 2006.

**/s/ Bobby E. Shepherd**

HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE



AO72A
(Rev. 8/82)