IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JERRY RAY SCOTT                                                                                           PLAINTIFF

v.                               Civil No. 1:05-cv-01100

SHERIFF BUTCH BELIN; and
BRADLEY COUNTY, ARKANSAS                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, Jerry Ray Scott, (hereinafter "Scott" or "Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Defendants filed a summary judgment motion (Doc. 23). To assist Scott in responding to the summary judgment motion, a questionnaire was propounded (Doc. 26) by the Court. Scott filed a timely response to the questionnaire (Doc. 27). The summary judgment motion is before the undersigned for issuance of this report and recommendation.

### 1. Background

A bench warrant was issued for Scott's arrest by the Bradley County Circuit Court on November 2, 2004, for theft of property. *Plaintiff's Response* (Doc. 27) (*hereinafter Resp.*) at ¶ 1. Probable cause was found to exist for his arrest on November 2, 2004, based on the sworn affidavit of Deputy Herschel Tillman. *Id.* at ¶ 2. Bond was set in the amount of $10,000. *Id.* at ¶ 3.

Scott was arrested at his house and taken to the Warren Police Department on November 2nd. *Resp.* at ¶ 4(A) & ¶ 4(B). Sheriff Belin was not present when he was arrested. *Id.* at ¶ 4(C). When

Scott was asked how he believed Sheriff Belin knew Scott was arrested on November 2nd, he replied it was Sheriff Belin's job to know. *Id.*

Scott was booked into the Bradley County Jail on November 2, 2004. *Resp.* at ¶ 5(A). Sheriff Belin was not present when Scott was booked in. *Id.* at ¶ 5(B). However, Scott believes it was Sheriff Belin's job to know Scott was booked in. *Id.* at ¶ 5(C).

On December 15, 2004, Prosecuting Attorney Thomas Deen filed a criminal information with the Bradley County Court charging Scott with one count of breaking or entering and one count of theft of property. *Resp.* at ¶ 6. Scott appeared in court on January 18, 2005. *Id.* at ¶ 7. This was Scott's first appearance before a judge since his arrest on November 2, 2004. *Resp.* at ¶ 8. On January 18, 2005, Scott was advised of his right to remain silent, his right to be represented by an attorney, and to read any information in the file. *Id.* Scott was found to be indigent and a public defender, Joe Mazzanti, was appointed to represent him. *Resp.* at ¶ 10. That same day, Scott plead guilty to breaking and entering and theft of property. *Id.* at ¶ 11. Scott was also sentenced on January 18, 2005, to a term of imprisonment of 144 months on the breaking and entering charge and 144 months on the theft of property charge. *Id.* at ¶ 12. He was sentenced as a habitual offender. *Id.* Scott was released to the Arkansas Department of Corrections (ADC) on April 7, 2005 to begin service of his sentence. *Id.* at ¶ 18.

Scott had been charged with crimes before and knew he had a right to appear before a judge and the right to have counsel appointed if he could not afford counsel. *Resp.* at ¶ 13. The judgment and commitment indicates Scott voluntarily, intelligently, and knowingly entered a negotiated plea of guilty. *Id.* at ¶ 14. The judgment reflects that Scott was given credit on his sentence for the seventy-eight days he spent in the Bradley County Jail. *Resp.* at ¶ 15. However, Scott asserts he

only received credit for seventy-six days and did not get credit for the time he was waiting for a bed. *Id.*

### 2. Scott's Current Claims

In this case Scott alleges his constitutional rights were violated when he was arrested and held in the Bradley County Jail for seventy-six days before being brought before a judge for his first appearance. He requests an award of actual and punitive damages. The defendants filed a Motion for Summary Judgement, asserting: (1) there is insufficient proof of an unconstitutional policy or custom that was the moving force behind the alleged constitutional violation; and (2) Scott's claims for actual and punitive damages are subject to dismissal. Scott responded to the Motion for Summary Judgment by answering questions propounded by the Court.

### 3. Scott's Responses to Court's Questionnaire

Since Scott received credit on his jail sentence for the time he served in the Bradley County Jail, he was asked, in the Questionnaire propounded by the Court, to explain how he was harmed or damaged by not being brought before a judge sooner. He replied: "It is the law. It doesn't matter. They broke the law and is trying to get out of it. I broke the law & went to jail. The law is set up to protect a citizen against the State." *Resp.* at ¶ 17.

Scott was also asked, in the Questionnaire propounded by the Court, whether he believed Sheriff Belin or Bradley County had a custom or policy of failing to bring individuals who were arrested and placed in the jail before the judge and that this policy or custom was the moving force behind the violation of his constitutional rights. Scott replied: "Yes." *Resp.* at ¶ 17. Scott contends the law clearly required him to be brought before a judge for a first appearance. *Id.* He indicates Sheriff Belin had failed to take others before a judge for a first appearance. In support, he offers a

letter from his former attorney demanding a settlement on his behalf and on behalf of a Michael L. Cooper.

### 4. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 5. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that each defendant acted under color of state law and that he or she violated a right secured by the Constitution. *West v.*

*Atkins*, 487 U.S. 42, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   Mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

The Due Process Clause of the Fourteenth Amendment controls the issue of a pretrial detainee's right to a prompt appearance in court after an arrest by warrant.  *See Hayes v. Faulkner County*, 388 F.3d 669, 673 (8th Cir. 2004).  In *Hayes*, the court noted first that the "Due Process Clause forbids an extended detention, without a first appearance, following arrest by warrant." *Id.* Second, the court considered "whether the defendants' conduct offends the standards of substantive due process." *Id.* at 674.  In doing so, it noted that "[d]eliberate indifference to prisoner welfare may sufficiently shock the conscience to amount to a substantive due process violation." *Id.*

In the *Hayes* case, the plaintiff argued the County policy was to submit names of confinees to the court and then wait for the court to schedule a hearing.  The Eighth Circuit noted the court in *Oviatt v. Pearce*, 954 F.2d 1470, 1478 (9th Cir. 1992), had found a policy was deliberately indifferent where the jail had no internal procedures to track whether inmates had been arraigned. Further, the Eighth Circuit noted the court in *Armstrong v. Squadrito*, 152 F.3d 564, 578-579 (7th Cir. 1998) had stated that "[a] policy that ignores whether the jail has the authority for long-term confinement seems to be a policy of deliberate indifference."  In the case before it, the Eighth Circuit held that "[b]ecause the County's policy . . . attempts to delegate the responsibility of bringing detainees to court for a first appearance and ignores the jail's authority for long-term confinement, the policy is deliberately indifferent to detainees' due process rights." *Hayes*, 388 F.3d at 674.

The "third and final step in this substantive due process analysis is determining whether, in the totality of the circumstances, the defendants' conduct in depriving the [plaintiff] of a constitutional right shocks the conscience. This is a question of law." *Hayes*, 388 F.3d at 675 (citations omitted).

In this regard, the court stated:

> In the totality of circumstances in this case, the key is Arkansas Rule of Criminal Procedure 8.1, entitled "Prompt first appearance." The Rule requires: "An arrested person who is not released by citation or by other lawful manner shall be taken before a judicial officer without unnecessary delay." Ark. R. Crim. P. 8.1. Rule 8.1 is mandatory. *Bolden v. State,* 262 Ark. 718, 561 S.W.2d 281, 284 (1978). Detentions of less than 38 days violate Rule 8.1. *Duncan v. State,* 291 Ark. 521, 726 S.W.2d 653, 656 (1987)(3 ½ days); *Cook v. State,* 274 Ark. 244, 623 S.W.2d 820, 821 (1981) (31 days); *cf. Richardson v. State,* 283 Ark. 82, 671 S.W.2d 164 (1984) (56 days). Rule 8.1 is designed to protect "basic and fundamental rights which our state and *federal constitutions* secure to every arrestee." *Bolden,* 561 S.W.2d at 284 (emphasis added).

*Hayes*, 388 F.3d at 675. The court concluded that "[t]he County's and Kelley's failure to take Hayes before a judge for 38 days shocks the conscience."

Defendants concede in this case that Scott was not taken before a judge for his Rule 8.1 hearing until January 18, 2005, seventy-six days after his arrest. *Defendant's Brief* (Doc. 24) at page 1. However, they contend Scott has failed to establish a sufficient showing of a county policy that was the moving force behind the alleged violation. Alternatively, they argue Scott is only entitled to an award of nominal damages and his request for actual and punitive damages should be dismissed.

The Court believe there are genuine issues of fact as to whether a County policy was the moving force behind the violation of Scott's substantive due process rights. Scott has named other


pretrial detainees who he contends were confined for lengthy periods of time without a first appearance. He maintains their confinements and his were the result of Sheriff Belin's policy of failing to put in place procedures, rules or regulations to ensure that detainees were taken for their first appearances. The gist of Scott's argument is that Sheriff Belin is impermissibly shirking his responsibility to detainees and thus causing too many detainees to suffer prolonged detentions prior to their first court appearances.

"A policy is deliberately indifferent to a person's constitutional rights when its inadequacy is both obvious and likely to result in the alleged deprivation of constitutional rights." *Russell v. Hennepin County*, 420 F.3d 841, 847 (8th Cir. 2005). Furthermore, when a situation calls for there to be in place procedures for dealing with a particular situation, here the first appearance of detainees, the failure to make a policy can be actionable so long as the failure is being attributed to the individual who has policy making authority. *See e.g., City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985).

I turn to an examination of defendants' argument that Scott is limited to an award of nominal damages. The Prison Litigation Reform Act (PLRA) contains a limitation on recovery. Specifically, it provides that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004), the court held that § 1997e(e) limited "recovery for mental or emotional injury in all federal actions brought by prisoners." As Scott suffered no physical injury, he cannot recover compensatory damages for mental or emotional injury suffered during the period of allegedly wrongful detention prior to his first appearance.

This, however, does not preclude an award of nominal damages. *Royal*, 375 F.3d at 723. Defendants also accurately point out that a claim against the Sheriff in his official capacity is the equivalent of a claim against Bradley County itself. *See e.g., Brandon v. Holt*, 469 U.S. 464, 471-72 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). The County cannot be held liable for punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 260, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).

### 6. Conclusion

For the reasons stated, I recommend that the defendant's motion for summary judgment (Doc. 23) be granted in part and denied in part. Specifically, I recommend the motion be granted with respect to Scott's request for an award of actual damages for mental and emotional injury and punitive damages. Scott's requests for actual and punitive damages should be dismissed. I further recommend the motion be denied with respect to issue of whether a custom or policy of Bradley County was the moving force behind Scott's prolonged detention prior to his first appearance.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **2nd day of August 2007.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE